Jason MCDOWELL, Plaintiff–Appellant,

v.

**HERBALIFE INTERNATIONAL OF AMERICA, INC., Defendant–Appellee.**

No. 02–35381.

D.C. No. CV–00–02011–TSZ.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted April 7, 2003.*

Decided April 21, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Jason McDowell appeals the district court's judgment awarding damages following a six-day jury trial, and denial of his motion for a new trial, in his diversity action against his employer for breach of a distributorship agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's denial of a motion for a new trial under Fed.R.Civ.P. 59(a). *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1189 (9th Cir.2002). We review a jury's award of damages for substantial evidence and will not disturb the award unless it is clearly unsupported by the evidence. *In re Exxon Valdez*, 270 F.3d 1215, 1247–48 (9th Cir.2001). We review evidentiary rulings for abuse of discretion and will not disturb them absent a showing of prejudice. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir.2000). We affirm.

Substantial evidence supports the jury's award of damages. *See In re Exxon Valdez*, 270 F.3d at 1247–48 ("Reasonable jurors need not accept the views of one side's expert or the other's, but may make their own reasonable judgment on the evidence, accepting part, all, or none of any witness's testimony."). Accordingly, the district court did not abuse its discretion by denying McDowell's motion for a new trial. *See Hemmings*, 285 F.3d at 1189.

The district court did not abuse its discretion by permitting Herbalife to present evidence concerning McDowell's delay in complaining about the breach, because the evidence was relevant to Herbalife's affirmative defenses of equitable estoppel and waiver. *See Defenders of Wildlife*, 204 F.3d at 927.

The district court did not abuse its discretion by permitting Anthony Powell to testify about what he would have done if Herbalife had not approved his transfer to a new distributorship, because this evi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dence was relevant to the calculation of damages. *See id.*

The district court's admission of testimony from Carol Hannah and Barbara Luna did not constitute plain error. *See* Fed. R.Evid. 103(d) (explaining that allegedly erroneous admission of evidence reviewed for plain error where party fails to object at trial).

McDowell's remaining contentions lack merit.

McDowell's "Motion to Vacate Order to Extend Time for Appellee's Brief" is denied.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument, and denies Weinreich's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.